UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 3:21-cr-100 |
| vs. | |
| ANTOINE LAMAR LONG, SR., | District Judge Michael J. Newman |
| Defendant. | |

**ORDER: (1) REVOKING DEFENDANT'S RELEASE ON BOND, AND (2) DETAINING DEFENDANT PENDING HIS SENTENCING HEARING ON MARCH 3, 2022**

On December 16, 2021, the pretrial service officer issued a petition for action on conditions for pretrial release concerning Defendant. Doc. No. 25. This matter is before the Court following a bond revocation hearing held on December 17, 2021. Defendant and his counsel, Thomas W. Anderson, were present during the hearing, and Defendant consented to proceed with this hearing by video. Assistant United States Attorney Brent Tabacchi appeared for the government. The government moved for an Order revoking Defendant's bond and detaining him based upon the pretrial services officer's report and her sworn testimony during the hearing. Defendant opposes bond revocation and detention.

The petition alleges that Defendant violated his bond conditions by incurring violations of the location monitoring program on November 17, 2021 and December 13, 2021. Doc. No. 25.

Previously in this case, Defendant entered a plea of guilty to knowingly and intentionally possessing with intent to distribute a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). Doc. Nos. 21, 23. Defendant's sentencing hearing is set on March 3, 2022. *Id*.

Pursuant to 18 U.S.C. § 3148, a person who has been released on bond under 18 U.S.C. § 3142 and who has violated a condition of his release is subject to a revocation of release and an order of detention. As applicable to the instant case, the Court shall enter an order of revocation and detention if, after a hearing, two conditions are satisfied. First, the Court must find by clear and convincing evidence that the person has violated a condition of release. 18 U.S.C. § 3148(b)(1)(B). Second, the judicial officer must find either: (1) there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community, or (2) the person is unlikely to abide by any condition or combination of conditions of release. 18 U.S.C. § 3148(b)(2)(A), (B).

For the reasons stated by the Court on the record of the December 17, 2021 hearing, the Court finds by clear and convincing evidence that Defendant failed to abide by the conditions of his release due to his violations of the location monitoring program on November 17, 2021 and December 13, 2021. The Court further finds by clear and convincing evidence that Defendant failed to abide by the conditions of his release by being absent from his pre-approved work from 6:00 p.m. on December 12, 2021 to 6:00 a.m. December 13, 2021 without reporting such absence to his pretrial services officer. The Court also finds, for the reasons stated on the record, Defendant is unlikely to abide by any condition or combination of conditions of release. *See* 18 U.S.C. § 3148(b)(2)(B).

The Court hereby **REVOKES** Defendant's release on bond, and **ORDERS** Defendant **DETAINED** pending his sentencing hearing on March 3, 2022.

**IT IS SO ORDERED.**

December 17, 2021                                                        s/Michael J. Newman
                                                                                           Hon. Michael J. Newman
                                                                                           United States District Judge